# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. MOUREN FARMING, INC., a California corporation, d/b/a W.J. MOUREN FARMING,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIPS 66 PIPELINE, LLC, a Delaware limited liability company; CONOCOPHILLIPS, a Delaware corporation; and Does 1 through 100,<br><br>Defendants. | No. 1:18-cv-00404-DAD-BAM<br><br><u>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE JURY DEMAND AND DENYING PLAINTIFF'S COUNTER-MOTIONS FOR RELIEF</u><br><br>(Doc. No. 10, 15) |

This matter is before the court on defendants' motion to strike plaintiff's jury demand (Doc. Nos. 10–11), and plaintiff's counter-motions for relief (Doc. No. 15). The court held a hearing on these motions on June 19, 2018, at which plaintiff's counsel John Kinsey appeared in person and defendant's counsel Morgan Lopez appeared telephonically. (Doc. No. 18.) For the reasons that follow, defendants' motion to strike plaintiff's untimely jury demand will be granted, and plaintiff's counter-motions for relief will be denied.

**FACTUAL BACKGROUND**

On February 1, 2018, plaintiff filed a verified complaint in the Fresno County Superior Court naming Phillips 66 Pipeline, LLC and ConocoPhillips as defendants. (Doc. No. 1 at 15.)

1

The complaint alleged eight causes of action, all of which are based on the allegation that an oil pipeline that runs through plaintiff's property must be removed. (*Id.*) Plaintiff's complaint did not include a jury trial demand.

On March 26, 2018, defendants filed and served a notice of removal and removed the action to this federal court. (Doc. No. 1.) On April 20, 2018, defendants answered the verified complaint and did not demand a jury trial. (Doc. No. 5.) On May 10, 2018, plaintiff filed and served a first amended complaint ("FAC") setting forth the same eight claims for relief with minor revisions to the allegations of the complaint. (Doc. No. 6.) At that time, plaintiff also filed a demand for a jury trial as a supplement to the FAC. (Doc. No. 6-3.)

On May 16, 2018, defendants filed the pending motion to strike plaintiff's jury trial demand. (Doc. Nos. 10, 11.) On June 5, 2018, plaintiff filed an opposition to that motion, as well as a counter-motion for relief pursuant to Federal Rules of Civil Procedure 6, 39, and 41. (Doc. No. 15.) On June 12, 2018, defendants filed a reply. (Doc. No. 16.)

## LEGAL STANDARDS

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court may strike from a complaint "any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation marks omitted); *see also Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d. 1101, 1152 (C.D. Cal. 2003) ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.") Although granting a motion to strike is within its discretion, in considering such a motion, the court must view the pleading in a light most favorable to the non-moving party and resolve any doubt as to the relevance of the challenged allegations in favor of the non-moving party. *See In re 2TheMart.com, Inc. v. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

**ANALYSIS**

Defendants argue that plaintiff's demand for a jury trial was untimely under Federal Rule of Civil Procedure 38(b)(1) and should be stricken. (Doc. No. 11 at 2–3.) Plaintiff opposes the motion to strike their jury trial demand, first arguing that Federal Rule of Civil Procedure 81(c) is applicable here. (Doc. No. 15 at 7–9.) Plaintiff also contends that the courts in the Ninth Circuit have incorrectly interpreted the plain language of Rule 81(c) and that under a proper interpretation of that provision, its jury trial demand was timely. (*Id.*) Finally, plaintiff asserts that even if Rule 38 applies rather than Rule 81, its jury trial demand was timely because it was made with the filing of its FAC. (*Id.*) Below, the court addresses each of the provisions invoked by the parties and their possible application here.

I. <u>Federal Rules of Civil Procedure 38 and 39</u>

Rule 38 states that "a party may demand a jury trial by . . . serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38. The Ninth Circuit has held that "a party's failure to serve and file the demand in the manner specified in Rule 38(b) constitutes a waiver of the right to a trial by jury." *Solis v. County of Los Angeles*, 514 F.3d 946, 953–54 (9th Cir. 2008) (citing Fed. R. Civ. P. 38(d)); *see also Kulas v. Flores*, 255 F.3d 780, 784 (9th Cir. 2001) ("Kulas waived any right to a jury by failing to file a timely demand as required by Fed. R. Civ. P. 38(b).").

Under Rule 39(b) the court has discretion to order a trial by jury despite a party's failure to make a timely demand. However, the Ninth Circuit has held that the discretion granted the court under that rule is "narrow" and "'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence' such as a good faith mistake of law with respect to the deadline for demanding a jury trial." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002) (quoting *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002-03 (9th Cir. 2001)); *see also Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1297-98 (Fed. Cir. 2010); *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 818 F. Supp. 2d 1193, 1205 (E.D. Cal. 2011) ("A district court's discretion under Rule 39(b) is narrow and does

3

not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."). Because it is an oversight and/or inadvertence that appears to be at issue here, relief pursuant to Rule 39(b) is unavailable under Ninth Circuit precedent.

II. Federal Rule of Civil Procedure 38 and the Filing of a First Amended Complaint

As noted, plaintiff argues that under Rule 38, its jury trial demand was timely because it was made with its FAC. The argument is unpersuasive. As used in Rule 38, the word "issue" has been found to refer to "issues of fact, not issues of law." *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974); *see also Lutz v. Glendale Union High School,* 403 F.3d 1061, 1066 (9th Cir. 2005) ("Rather, Rule 38(b) is concerned with issues of fact."); *Bentler v. Bank of America Nat'l Trust & Sav. Ass'n*, 959 F2d 138, 141 (9th Cir. 1992). Therefore, the "last pleading directed to the issue" refers to the pleading asserting the responsive denial to the factual allegations underlying a plaintiff's claim. *Pac. Fisheries Corp.,* 239 F.3d at 1002, n.2 (finding that the answer was the "last pleading directed to such issue"). When the original complaint and an amended complaint turn on the same matrix of facts, the amended complaint does not constitute the presentation of a new issue for which a jury trial should be granted as matter of right. *Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614, 620 (9th Cir. 1979); *see also Lutz*, 403 F.3d at 1066 ("Our caselaw is clear, though, that 'the presentation of a new theory does not constitute the presentation of a new issue on which a jury trial should be granted [as of right] under . . . Rule 38(b).'") (quoting *Trixler Brokerage Co*., 505 F.2d at 1050).

Here, defendants' answer was served on April 20, 2018. (Doc. No. 5.) Plaintiff's amended complaint did not change its claims for relief, add any new issues to this action, or substantially change the matrix of facts upon which it is based. (*See* Doc. Nos. 1, 6.) Therefore, the "last pleading directed to the issue" within the meaning of Rule 38 was defendants' answer.[1] (Doc. No. 5.) Plaintiff's demand for a jury trial was first filed with its FAC on May 10, 2018,

---

[1] An answer may not be the only pleading that constitutes the "last pleading directed to the issue." *See Bentler v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 959 F.2d 138, 141 (9th Cir. 1992) ("Moreover, we have found a number of appellate decisions holding that where a defendant files with its answer a counterclaim that involves the same factual issues as the plaintiff's complaint, a plaintiff's jury demand served within 10 days of its reply is timely as to both the counterclaim and the original claim.").

4

which was past the fourteen-day deadline set forth in Rule 38. (Doc. No. 6.) As alluded to above, the typical remedy for such an untimely jury trial demand is to strike it. *Pac. Fisheries Corp.*, 239 F.3d at 1002 ("An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."); *see also Lutz*, 403 F.3d at 1065, n.4.

### III. Federal Rule of Civil Procedure 81

Plaintiff's primary contention is that its jury trial demand submitted with its FAC was timely according to the plain language of Rule 81(c). (Doc. No. 15 at 6.) Defendant disputes whether Rule 81(c) is applicable here and argues that, even if it is, plaintiff's jury trial demand would be untimely.

Rule 81(c) effectively creates three exceptions in removed actions to Rule 38(b)'s requirement that a jury trial demand must be made within fourteen days of service of the "last pleading directed to the issue." No jury demand is required under Rule 38(b) if: (1) a demand was made before the action was removed (*see* Fed. R. Civ. P. 81(c)(3)(A)); (2) the state in which the action was filed did not require an "express demand" (*see id.*); or (3) all necessary pleadings to place the case at issue have been filed in the state court, and the demand is served within fourteen days of removal (*see* Fed. R. Civ. P. 81(c)(3)(B)).

Here, plaintiff concedes that the first and third exceptions under Rule 81 do not apply because its original complaint filed in state court did not include a jury trial demand. (*See* Doc. Nos. 1; 15 at 6–9.) However, plaintiff argues that at the time of the removal to this federal court, California law "did not require an express demand for a jury trial" because jury trials can only be waived by "failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation." (Doc. No. 15 at 7–9) (citing Cal. Code Civ. Proc. § 631(a)). According to plaintiff, at the time of removal, this action had not yet been set for trial in state court and the time to demand a jury trial had not yet arrived. (Doc. No. 15 at 7.)

However, the Ninth Circuit has held that California law requires an "express demand" for jury trial for purposes of applying Rule 81(c) and that the timing of the state court's demand requirements is irrelevant. *See Lewis v. Time Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) ("Under

5

California law, a litigant waives trial by jury by, inter alia, failing to 'announce that one is required' when the trial is set. Cal. Civ. Proc. Code §§ 631, 631.01. . . . We understand that to mean that an 'express demand' is required.") *overruled on other grounds by Unelko Corp. v. Rooney*, 912 F.2d 1049, 1052–53 (9th Cir. 1990); *Tetravue Inc. v. St. Paul Fire & Marine Insurance Co.*, No. 14-CV-2021 W (BLM), 2018 WL 1185216, at *2 (S. D. Cal. Mar. 7, 2018) ("Plaintiffs' contention that California law does not require an express jury demand has been rejected by the Ninth Circuit, as well as a number of district courts in this circuit.") (citing cases); *Ortega v. Home Depot U.S.A., Inc.*, No. CIV. 2:11-1921 WBS, 2012 WL 77020, at *2 (E.D. Cal. Jan. 10, 2012) ("The Ninth Circuit, however, has held that California is an express demand state . . . . [I]n California, jury demand is required under Rule 81 within fourteen days of removal."); *Wave House Belmont Park, LLC v. Travelers Prop. Cas. Co. of Am.*, 244 F.R.D. 608, 613 (S.D. Cal. 2007) ("California law requires an express demand to obtain a jury trial."). The court is not free to disregard the Ninth Circuit's decision in *Lewis*, and therefore declines plaintiff's invitation to do so. Plaintiff's failure to make a timely express jury trial demand waives its right to do so under Rule 38 and 81.

IV.     Federal Rules of Civil Procedure 6 and 41

Plaintiff also moves for relief under Federal Rules of Civil Procedure 6 and 41. (Doc. No. 15 at 10–16.) First, plaintiff argues that it is entitled to relief under Rule 6(b), which provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). However, the Ninth Circuit has specifically held that "[r]elief under [Rule 6(b)] is within the 'discretion' of the District Court, and that discretion should rarely be exercised to grant a trial by jury in default of a proper request for it." *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 675 (9th Cir. 1975). Some courts have rejected the possibility of Rule 6(b) under circumstances such as those presented here outright. *See Urtnowski v. Unisys Corp.*, No. SACV 07-0714 AG, 2008 WL 11340317, at *2 (C.D. Cal. Feb. 25, 2008) (rejecting plaintiff's request for the enlargement of time to demand a jury trial pursuant to Rule 6(b)(2) because "[t]he Ninth Circuit has clearly and specifically established the standard for a

grant of relief under Rule 39(b), and this Court will not undermine that clear standard by resorting to other more general provisions of the Federal Rules"); *see also Gonzalez v. Target,* No. 2:13-CV-01615-KJM-AC, 2014 WL 2548726, at *4 (E.D. Cal. June 5, 2014) (concluding that the court was without discretion to order a jury trial under the circumstances); *Hansen v. Safeway, Inc.*, No. C 10-0377 RS, 2010 WL 2593611, at *2 (N.D. Cal. June 22, 2010) (citing the decision in *Rutledge* and implicitly rejecting the granting of relief under Rule 6(b) where it is not called for under Rules 38, 39 and 81); *Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP*, 2008 WL 11337433, at *4 (S.D. Cal. Nov. 7, 2008) (Following the rationale of *Russ v. Standard Ins. Co.*, 120 F.3d 988 989-90 (9th Cir 1997) in concluding that "the more specific rule in the instant case, Rule 39(b), must trump the more general Rule 6(b)(1)(B).") Other courts, however, have acknowledged that "there is some authority supporting the availability of the claimed Rule 6(b) avenue of relief" under such circumstances. *Level 3 Commc'ns, Inc. v. Lidco Imperial Valley, Inc.*, No. 11CV01258 BTM (MDD), 2012 WL 4848929, at *7 (S.D. Cal. Oct. 11, 2012) (declining to reach the issue of whether Rule 38(b)'s jury trial demand deadline can be extended under Rule 6(b)); *see also Barnes v. Sony Music Entertainment Inc.*, 2015 WL 12911759, at *4 (C.D. Cal. Apr. 23, 2015) (recognizing that the Ninth Circuit "has held that, although extension of time under Rule 6(b) may be within the Court's discretion, it should rarely be awarded for an untimely jury trial" and declining to extend time under Rule 6(b) in light of a ten month delay).

  Here, plaintiff relies on the decision in *Baldwin v. United States*, 823 F. Supp. 2d 1087, 1113 (D. N. Mar. I. 2011) in arguing that relief under Rule 6(b) should be granted to permit the jury trial demand submitted with its FAC. (Doc. No. 15 at 13–15.) In *Baldwin*, the court applied "a four-factor equitable test for determining what constitutes 'excusable neglect': 'the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Baldwin*, 823 F. Supp. 2d at 1114. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 (1993)). The district court in *Baldwin* found that there was no danger of prejudice to the non-moving party, the length of the delay was only two days and had minimal impact on the proceedings, the reason for

7

the delay was because of oversight or inadvertence, and that the moving party acted in good faith. *Id.* at 1117–1120. Additionally, the court noted that the plaintiff there had prepaid over five million dollars in taxes to secure a jury trial on his claims seeking a refund of allegedly illegal and erroneous taxes, penalties, and interest, and that denying him a jury trial under those circumstances would "work a manifest injustice." *Id.* at 1119. Accordingly, the court permitted plaintiff's late jury trial demand under Rule 6(b). *Id.* at 1120.

Here, the undersigned declines to adopt the district court's analysis in *Baldwin* for several reasons. First, there is no Ninth Circuit authority supporting application of the *Pioneer* factors to permit an otherwise untimely jury trial demand under Rule 6(b). Second, applying the *Pioneer* factors in a case like this one, in which the failure to submit a timely jury trial demand appears to have simply been an inadvertent mistake, would run afoul of the Ninth Circuit's clear admonition that the court's "discretion [to order a jury trial on a motion by a party who has not filed a timely demand for one] is narrow . . . and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Lewis*, 710 F.2d at 556–57; *see also Pac. Fisheries Corp.*, 239 F.3d at 1002 (citing *Lewis*); *Gonzalez*, 2014 WL 2548726, at *4 (denying plaintiff's untimely request for jury trial based on inadvertence). Third, the Ninth Circuit has strongly discouraged district courts from extending the deadline for the making of a jury trial demand by applying other procedural rules. *See Russ*, 120 F.3d at 990 (reversing the district court's dismissal of an action pursuant to Rule 41(a)(2) so as to allow plaintiff to refile claims and make a timely jury demand, because such a decision served to frustrate "the specific purpose of Rules 38 and 39 to encourage prompt notice of a jury demand.").[2] For these reasons, the undersigned cannot grant plaintiff relief with respect to its untimely jury trial demand. Defendant's motion to strike that demand will therefore be granted.

/////

---

[2] Plaintiff also argues that it is entitled to relief under Rule 41 and should be permitted to voluntarily dismiss this case and re-file it with a jury trial demand to avoid its waiver of trial by jury. (Doc. No. 15 at 15.) As noted above, Ninth Circuit precedent prohibits this procedural workaround. *See Russ*, 120 F.3d at 990 ("[A]llowing the district court to accomplish under Rule 41(a)(2) what we specifically prohibit it from doing under Rule 39(b) introduces an unnecessary conflict between these two federal rules.").

8

**CONCLUSION**

Accordingly,

1. Defendant's motion to strike (Doc. No. 11) is granted; and

2. Plaintiff's countermotion for relief (Doc. No. 15) is denied.

IT IS SO ORDERED.

Dated: **July 24, 2018**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE