1  GLYNN & FINLEY, LLP
   CLEMENT L. GLYNN, Bar No. 57117
2  ADAM FRIEDENBERG, Bar No. 205778
   MORGAN K. LOPEZ, Bar No. 215513
3  One Walnut Creek Center
   100 Pringle Avenue, Suite 500
4  Walnut Creek, CA 94596
   Telephone: (925) 210-2800
5  Facsimile: (925) 945-1975
   Email: cglynn@glynnfinley.com
6  Email: mlopez@glynnfinley.com

7  Attorneys for Defendants
   Phillips 66 Pipeline, LLC and
8  ConocoPhillips.

9

10                    UNITED STATES DISTRICT COURT

11                    EASTERN DISTRICT OF CALIFORNIA

12

13  WILLIAM J. MOUREN FARMING, INC.,          )  **Case No. 18-cv-00404-DAD-BAM**
    a California corporation, dba W.J.         )
14  MOUREN FARMING,                            )  **STIPULATION AND ORDER**
                                               )  **REGARDING EXPERT DISCOVERY**
15         Plaintiff,                          )  **CUTOFF**
                                               )
16     vs.                                     )
                                               )
17  PHILLIPS 66 PIPELINE, LLC, a Delaware      )  Courtroom: 8
    limited liability company;                 )  Judge:    Barbara A. McAuliffe
18  CONOCOPHILLIPS, a Delaware                 )
    corporation; and Does 1 through 100,       )
19                                             )
           Defendants.                         )
20                                             )
                                               )
21

22

23

24

25

26

27

28

---

STIPULATION AND ORDER RE EXPERT DISCOVERY CUTOFF

| | |
|---|---|
| 1 | WHEREAS the Scheduling Conference Order (Dkt. # 24) establishes the Expert Discovery Cutoff as September 6, 2019; |
| 2 | |

WHEREAS the Scheduling Conference Order (Dkt. # 24) establishes the Expert Discovery Cutoff as September 6, 2019;

WHEREAS the parties have disclosed a total of nine experts;

WHEREAS the parties diligently have been working to complete expert discovery by the September 6 deadline but have not yet done so;

WHEREAS Defendants intend to file a motion for summary judgment on or before the September 13, 2019 Pretrial Motion Filing Deadline established in the Scheduling Conference Order;

WHEREAS the Court has advised the parties that due to its current caseload crisis there is typically a significant delay before dispositive civil motions will be decided;

WHEREAS the Court has also advised the parties that it is extremely likely that the current March 4, 2020 trial date would be vacated were a dispositive motion filed; and

WHEREAS the parties wish to avoid the cost and expense of engaging in expert discovery that would be mooted were Defendants' summary judgment motion granted.

IT is hereby STIPULATED AND AGREED, by and between Defendants and Plaintiff that:

The Expert Disclovery Cutoff established in the Scheduling Order shall be extended from September 6, 2019 to 30 days following issuance of the decision on Defendants' motion for summary judgment.

Dated: August 29, 2019　　　　　WANGER JONES HELSLEY PC
　　　　　　　　　　　　　　　　TIMOTHY JONES
　　　　　　　　　　　　　　　　JOHN P. KINSEY
　　　　　　　　　　　　　　　　PATRICK D. TOOLE

　　　　　　　　　　　　　　　　By   /s/ Patrick D. Toole
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff William J.
　　　　　　　　　　　　　　　　　　　Mouren Farming, Inc.

Dated: August 29, 2019　　　　　GLYNN & FINLEY, LLP
　　　　　　　　　　　　　　　　CLEMENT L. GLYNN
　　　　　　　　　　　　　　　　ADAM FRIEDENBERG
　　　　　　　　　　　　　　　　MORGAN K. LOPEZ

　　　　　　　　　　　　　　　　By   /s/ Morgan K. Lopez
　　　　　　　　　　　　　　　　　　　Attorneys for Defendants Phillips 66
　　　　　　　　　　　　　　　　　　　Pipeline, LLC and ConocoPhillips.

| | |
|---|---|
| 1 | **ORDER** |
| 2 | Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and |
| 3 | with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily |
| 4 | considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations,* |
| 5 | *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot |
| 6 | reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was |
| 7 | not diligent, the inquiry should end. *Id.* |
| 8 | Here, the parties have failed to establish good cause for the requested modification. Fed. |
| 9 | R. Civ. P. 16(b). (*See also* Doc. No. 24, p. 5.) Notably, the parties' stipulation states that they |
| 10 | have been diligent in working to complete expert discovery but does not provide any support for |
| 11 | this conclusion or set forth any explanation of their attempts to meet the applicable expert |
| 12 | discovery deadlines and the reasons for their inability to do so. Accordingly, having reviewed |
| 13 | the parties' stipulation, the Court DENIES the request to modify the Scheduling Order in this |
| 14 | action without prejudice. |

IT IS SO ORDERED.

Dated: **August 30, 2019**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE